IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KASE R. WILSON,                          )
                                         )
                    Plaintiff,           )
                                         )
v.                                       )          Case No. 25-cv-02076-DDC-TJJ
                                         )
SEABOARD FOODS, LLC,                     )
                                         )
                    Defendant.           )

## MEMORANDUM AND ORDER

This matter is before the Court on movant and proposed intervenor Zurich American Insurance Company's Motion to Intervene (ECF No. 56). The response time has passed and no responses have been filed. For the reasons stated below, the motion is GRANTED.

### I.    Background

Plaintiff Kase R. Wilson filed this negligence action seeking damages resulting from an automobile accident. Plaintiff claims he was traveling northbound on K-25 highway in Finney County, Kansas, when a semi-tractor trailer operated by a non-party and owned by Defendant Seaboard Foods, LLC crossed the center line and struck the motor vehicle being operated by Plaintiff.

Plaintiff filed suit on February 13, 2025, and a scheduling order was entered on May 27, 2025.[1] An amended scheduling order was entered on November 19, 2025, extending the discovery deadline to December 10, 2025, and setting the Pretrial Conference for December 16, 2025.[2] These are the current deadlines in the case and they remain unchanged.

---

[1] Complaint, ECF No. 1; Scheduling Order, ECF No. 18.
[2] Amended Scheduling Order, ECF No. 55.

On November 21, 2025, movant and proposed intervenor Zurich American Insurance Company ("Zurich") filed its Motion to Intervene (ECF No. 56), seeking to intervene as a matter of right and/or permissively. In its motion, Zurich states it is "the workers' compensation carrier for BH, Inc./The Foundation Group, Inc., the employer of Kase R. Wilson, the Plaintiff herein. By reason of the worker's compensation benefits paid to, or for the benefit of, the Plaintiff, Zurich is subrogated herein to the extent of such worker's compensation benefits paid."[3] The motion does not state the amount of worker's compensation benefits that were paid to Plaintiff.

## II. Legal Standard

Federal Rule of Civil Procedure 24 allows two types of intervention—intervention as a matter of right pursuant to Rule 24(a) and permissive intervention pursuant to Rule 24(b). A motion to intervene must "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought."[4] To intervene as a matter of right pursuant to Fed. R. Civ. P 24(a)(2), the movant must establish: "(1) the application is timely; (2) it claims an interest relating to the property or transaction which is the subject of the action; (3) the interest may as a practical matter be impaired or impeded; and (4) the interest may not be adequately represented by existing parties."[5] Historically, the Tenth Circuit has taken a liberal approach to intervention and favors the granting of motions to intervene.[6]

Permissive intervention pursuant to Fed. R. Civ. P. 24(b), on the other hand, rests in the discretion of the trial court. According to the Rule, the Court "may permit" intervention to anyone who "is given a conditional right to intervene by a federal statute; or . . . has a claim or defense

---

[3] Mot. to Intervene, ECF No. 56, p. 1.
[4] Fed. R. Civ. P. 24(c).
[5] *Everest Indem. Ins. Co. v. Jake's Fireworks, Inc.*, 335 F.R.D. 330, 332–33 (D. Kan. 2020) (quoting *Kane Cty. v. United States*, 928 F.3d 877, 890 (10th Cir. 2019)).
[6] *W. Energy All. v. Zinke*, 877 F.3d 1157, 1165 (10th Cir. 2017).

that shares with the main action a common question of law or fact."[7]  The Court, in exercising its discretion, must determine whether "intervention will unduly delay or prejudice the adjudication of the original parties' rights."[8]

### III.    Analysis

Plaintiff was employed by BH, Inc./The Foundation Group, Inc. at the time of the accident, and its insurer, Zurich, paid workers' compensation benefits to and on behalf of Plaintiff. Therefore, Zurich has an interest in the damages sought by Plaintiff from Defendant arising from the accident.  As a non-party, Zurich's ability to protect its interest would be impaired or impeded by its absence from the litigation.  Moreover, this District has consistently held a worker's compensation insurer has a right to intervene to protect its lien.[9]  Therefore, the Court finds all elements required under Fed. R. Civ. P. 24(a)(2) are met for intervention as a matter of right. Because the Court finds Zurich has met all of the elements required to intervene as a matter of right, it will not address whether permissive intervention is appropriate.

Additionally, the Court finds because Zurich's interests are adverse to Plaintiff—as it seeks to recoup the previously paid worker's compensation payments from any award Plaintiff may receive—its interests are aligned with Defendant for jurisdictional purposes.[10]  Because jurisdiction in this matter relies upon diversity jurisdiction under 28 U.S.C. § 1332(a), the Court must ensure such jurisdiction is not destroyed by intervention.  Zurich's pleading indicates it is a

---

[7] Fed. R. Civ. P. 24(b).

[8] *Id.*

[9] *Beckham v. Monarch Cement Co.*, No. 23-1235-DDC-BGS, 2024 WL 4381213, at *2 (D. Kan. Oct. 2, 2024); *Est. of Taylor by & through Castleberry v. Fanuc Am. Corp.*, No. 20-1361-KHV-GEB, 2021 WL 5758493, at *2 (D. Kan. Dec. 3, 2021); *Roth v. Builder's Stone & Masonry, Inc.*, No. 19-2747-DDC-GEB, 2020 WL 7480399, at *1 (D. Kan. Dec. 18, 2020); *Beach v. M & N Mod. Hydraulic Press Co.*, 428 F. Supp. 956, 959 (D. Kan. 1977).

[10] *See Roth*, No. 19-2747-DDC-GEB, at *2 (finding that intervenor should be aligned as a defendant because any sum going to the intervenor would be taken from the plaintiffs' recovery).

corporation organized in New York with its principal place of business in Illinois. Plaintiff is a citizen of Texas, and Defendant Seaboard, LLC's sole member is Seaboard Corporation, which is a public company incorporated in Delaware, with its principal place of business in Oklahoma. Complete diversity appears intact, but Zurich still must file a disclosure statement as required by Rule. 7.1(a)(2) alongside the Complaint in Intervention.[11]

**IT IS THEREFORE ORDERED** that Zurich American Insurance Company's Motion to Intervene (ECF No. 56) is GRANTED. Zurich American Insurance Company must file its Complaint in Intervention attached to its Motion to Intervene by **December 15, 2025.**

**IT IS FURTHER ORDERED** that Zurich American Insurance Company must file its Rule 7.1(a)(2) disclosure statement by **December 15, 2025.**

**IT IS SO ORDERED**.

Dated December 10, 2025, at Kansas City, Kansas.

_Teresa J. James_
Teresa J. James
U. S. Magistrate Judge

---

[11] "In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor: (A) when the action is filed in or removed to federal court, and (B) when any later event occurs that could affect the court's jurisdiction under § 1332(a)." Fed. R. Civ. P. 7.1(a)(2).