IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| KASE R. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-cv-02076-DDC-TJJ |
| | ) | |
| SEABOARD FOODS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Take Deposition of Non-Party Witness, O&B Tank Co., Inc. for Use at Trial ("Motion for Leave") (ECF No. 59) and Defendant's Motion to Strike Plaintiff's Fourth Amended Rule 26 Disclosures ("Motion to Strike") (ECF No. 64). For the reasons stated below, Plaintiff's Motion for Leave is DENIED and Defendant's Motion to Strike is GRANTED IN PART and DENIED IN PART.

### I.     Background

Plaintiff Kase R. Wilson filed this negligence action seeking damages resulting from an automobile accident. Plaintiff claims he was traveling northbound on K-25 highway in Finney County, Kansas, when a semi-tractor trailer, operated by non-party Jeffrey Thompson and owned by Defendant Seaboard Foods, LLC, crossed the center line and struck the motor vehicle being operated by Plaintiff.

Plaintiff filed suit on February 13, 2025, and a scheduling order was entered on May 27, 2025.[1] The original scheduling order set a discovery deadline of November 18, 2025, and required the parties to serve supplementations of initial disclosures 40 days before the deadline to complete

---

[1] Complaint, ECF No. 1; Scheduling Order, ECF No. 18.

discovery "so as to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to pursue follow-up discovery before the time allowed for discovery expires."[2] The scheduling order also provided "[w]itnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded from evidence under Fed. R. Civ. P. 37(c)(1)."[3]

On November 14, 2025, four days prior to the discovery deadline, the parties jointly moved to amend the scheduling order.[4] On November 19, 2025, the Court granted the parties' motion and entered an amended scheduling order, extending the discovery deadline to December 10, 2025.[5] The amended scheduling order also stated, "[t]o the extent that this Amended Scheduling Order does not address dates, deadlines, or requirements included in the earlier scheduling orders, those earlier dates, deadlines, and requirements remain in effect."[6]

On December 8, 2025, two days before the close of discovery, Plaintiff served his Fourth Amended Rule 26 disclosures. The supplemental disclosures included new witnesses, Aaron Youtsey of Renco Tool Co. ("Renco") and Brenda Johnson of O&B Tank Co., Inc. ("O&B"), an audio recording of an interview recording with Aaron Youtsey, medical billing documents,[7] and a partial email exchange between Plaintiff's counsel and O&B.

The Court held a Pretrial Conference in this matter on December 16, 2025. The Court discussed the pending Motion for Leave and issues raised regarding Plaintiff's supplemental

---

[2] Scheduling Order, ECF No. 18.
[3] *Id.*
[4] Joint Mot. to Amend Scheduling Order, ECF No. 54.
[5] Amended Scheduling Order, ECF No. 55.
[6] *Id.*
[7] The parties' briefing fails to address the late disclosure of Plaintiff's medical billing documents. Therefore, the Court does not analyze that issue below, but rather only discusses the late disclosures concerning Jeffrey Thompson's prior employers.

2

disclosures with the parties at the Pretrial Conference. The Court instructed the parties to brief the issues, and intends to reconvene the Pretrial Conference on January 20, 2026, at 11:00 AM.

### a. Plaintiff's Motion for Leave to Take Deposition of Non-Party Witness, O&B Tank Co., Inc., for Use at Trial (ECF No. 59)

On December 10, 2025, Plaintiff filed a Motion for Leave to Take Deposition of Non-Party Witness, O&B Tank Co., Inc. for Use at Trial (ECF No. 59). Plaintiff's motion seeks leave to depose Brenda Johnson, the corporate representative of O&B, regarding the contents of Jeffrey Thompson's employment file for his time as an employee of O&B. During the discovery process O&B produced its employment file for Jeffrey Thompson. Plaintiff claims O&B's employment file of Jeffrey Thompson directly supports Plaintiff's claim that Defendant was negligent in its hiring of driver Jeffrey Thompson. Plaintiff states a trial deposition of Brenda Johnson is necessary, as she is a citizen of the State of Texas, and is beyond the subpoena power of this Court, and conducting a trial deposition of the witness is the only mechanism available to Plaintiff to ensure O&B's testimony can be presented to the jury. Plaintiff states the content of O&B's testimony would solely be for trial, and the content of such testimony would not bear on or be considered in the summary judgment briefing in this matter. Plaintiff's motion for leave does not mention Aaron Youtsey or other documents disclosed in Plaintiff's supplemental disclosures.

### b. Defendant's Motion to Strike Plaintiff's Fourth Amended Rule 26 Disclosures (ECF No. 64)

In addition to opposing Plaintiff's Motion for Leave, Defendant also filed a related Motion to Strike Plaintiff's Fourth Amended Rule 26 Disclosures (ECF No. 64). Defendant argues through discovery Plaintiff was aware of Jeffrey Thompson's work history and former employers, including O&B and Renco, months before supplemental initial disclosures were due. Therefore, Defendant argues, Plaintiff's Fourth Amended Rule 26 Disclosures—including the disclosure of

3

Brenda Johnson of O&B as a witness—should be struck as untimely, and the parties should proceed with the Pretrial Conference with the properly designated evidence.

## II.     Legal Standards

The Federal Rules of Civil Procedure require a party to disclose "the name . . . of each individual likely to have discoverable information—along with the subjects of that information— that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."[8]  A party must supplement its Rule 26(a) disclosures and other discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or as ordered by the court."[9]  Furthermore, the scheduling order requires all parties to serve Rule 26(e)(1) supplementations 40 days before the discovery deadline so as to "identify all witnesses and exhibits that probably or even might be used at trial."[10]  The purpose of this supplementation is to enable the opposing party to determine what, if any, additional discovery it needs to complete before the close of discovery.[11]

As a sanction for failing to provide information or to identify a witness as required by Rule 26(a) or (e), the party is "not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[12] The court has discretion to determine when a Rule 26(a) or (e) violation is substantially justified or harmless.[13]  The party facing sanctions under Rule 37(c)(1) bears the burden to show substantial

---

[8] Fed. R. Civ. P. 26(a)(1)(A)(i).
[9] Fed. R. Civ. P. 26(e)(1).
[10] Scheduling Order, ECF No. 18, p. 4.
[11] *See id.*
[12] Fed. R. Civ. P. 37(c)(1).
[13] *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017).

justification or harmlessness.[14] While a court "need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose," the court should be guided by the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered, (2) the ability to cure any prejudice, (3) the potential for trial disruption if the testimony is allowed, and (4) the erring party's bad faith or willfulness.[15] Because Plaintiff failed to serve their Supplemental Initial Disclosures by the Scheduling Order deadline, Plaintiff has the burden to demonstrate his failure to timely provide information by Rule 26(a) was substantially justified or harmless.

**III.  Analysis**

Plaintiff's supplemental disclosures include new witnesses, Aaron Youtsey of Renco and Brenda Johnson of O&B, an audio recorded statement of Aaron Youtsey, medical billing documents, and a partial email exchange between Plaintiff's counsel and O&B. Although Defendant concedes there is no evidence of bad faith or willfulness by Plaintiff, these supplemental disclosures were clearly untimely served only two days before the discovery deadline, rather than 40 days prior.[16] The Court analyzes the remaining three factors, and for the reasons stated below, finds Plaintiff fails to demonstrate his failure to timely provide the information related to Jeffrey Thompson's prior employers was substantially justified or harmless.

**a.  The prejudice or surprise to the party against whom the testimony is offered**

Plaintiff argues there is no prejudice to Defendant as a result of the untimely disclosures, as the disclosures and testimony of the newly disclosed witnesses will be used only to preserve the

---

[14] *Est. of McDermed v. Ford Motor Co.*, No. 14-CV-2430-CM-TJJ, 2016 WL 1298096, at *3 (D. Kan. Apr. 1, 2016).
[15] *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).
[16] *See* Def.'s Mot. to Strike Pl.'s Fourth Am. R. 26 Disclosures, ECF No. 64, p. 8. *See also* Fed. R. Civ. P. 26(a); Scheduling Order, ECF No. 18; Amended Scheduling Order, ECF No. 55.

testimony of Jeffrey Thompson's prior employers for trial.  Plaintiff concedes any testimony elicited during the desired trial depositions would not be available for analysis during summary judgment briefing but argues such testimony does not bear on Defendant's ability to file a dispositive motion.

Despite Plaintiff's contention that the evidence obtained at these depositions would be used for purposes of trial only, the testimony of Jeffrey Thompson's prior employers is directly relevant to Plaintiff's claims of negligent hiring, training, and supervision.  Though Plaintiff may only intend to use these deposition(s) to preserve trial testimony, that intent does not make the testimony of these witnesses any less relevant to Defendant's summary judgment motion, or the substance of Plaintiff's claims generally.  The Court is skeptical that, if allowed, the depositions of Jeffrey Thompson's prior employers and disclosures related to these prior employers would not disrupt the procedural posture of this case as Plaintiff suggests.  Plaintiff's untimely disclosures on the virtual eve of the discovery deadline would deprive Defendant of any opportunity to conduct its own discovery regarding the belated disclosures.  This would be prejudicial to Defendant.

Further, Plaintiff fails to sufficiently explain the delay in making these late disclosures. Plaintiff was aware of Jeffrey Thompson's work history and former employers for nearly half a year before the deadline to file his final Rule 26 disclosures.  Plaintiff took the deposition of Jeffrey Thompson on June 26, 2025, during which he testified regarding his work history with O&B and Renco.  Plaintiff also took the deposition of Glenn Rose, Defendant's corporate representative, on July 14, 2025, who additionally discussed Defendant's hiring process and Jeffrey Thompson's work history.  Following Mr. Rose's deposition, Plaintiff subpoenaed Jeffrey Thompson's employment records from O&B, and such records were served on Plaintiff on September 30, 2025. No party has subpoenaed any records from Renco.  Additionally, counsel appeared to have

discussions regarding the remaining discovery issues in the case on November 10 and 14, 2025. In those communications, Plaintiff makes no reference to the fact he intended to untimely disclose new witnesses, the audio recording, or documents regarding Jeffrey Thompson's prior employers.

Plaintiff provides during the above-referenced depositions there was no mention of Brenda Johnson or any individuals associated with O&B, there was difficulty tracking down Aaron Yourtsey at Renco, and Plaintiff eventually had to employ a private investigator to find these individuals. However, Plaintiff did not employ his private investigator until November 12, 2025, five months after Jeffrey Thompson's deposition. Instead of pursuing and timely disclosing these witnesses and documents, Plaintiff waited until two days before discovery closed to make supplemental disclosures, giving Defendant no time to depose these witnesses or conduct follow up discovery before the deadline to complete discovery had passed or before the dispositive motion deadline.[17] The Court finds Defendant would be prejudiced by the late disclosures and Plaintiff's failure to diligently pursue Jeffrey Thompson's prior employers or their potential witnesses does not justify Plaintiff's untimely supplemental disclosures.[18]

### b. The ability to cure any prejudice

Plaintiff had ample time to disclose the additional witnesses and documents related to Jeffrey Thompson's prior employers and has offered no convincing explanation as to why he did not. Plaintiff, however, argues any prejudice caused by the untimely disclosures is curable, as Defendant is free to contact any of the prior employers to prepare for the eventual trial depositions.

---

[17] *See Rios v. Ramage*, No. 19-2602-JWB-ADM, 2020 WL 6802402, at *5 (D. Kan. Nov. 19, 2020) ("The purpose of the supplemental disclosures served near the close of discovery is to provide notice to the opposing parties so that they may make strategic decisions about how to proceed with the time remaining in discovery.")

[18] *See White v. CertainTeed Corp.*, No. 17-2262-DDC-KGG, 2019 WL 2085671, at *7 (D. Kan. May 13, 2019) (finding plaintiff's failure to disclose was not justified when plaintiff knew there were individuals who might have information beneficial to his case months before supplemental disclosures were due).

Additionally, Plaintiff would agree to take discovery depositions of the prior employers after summary judgment briefing, but prior to conducting trial depositions, if necessary.

However, the Court agrees with Defendant that if the supplemental disclosures related to Jeffrey Thompson's prior employers were allowed then discovery would have to be reopened. The Court is skeptical that Plaintiff's depositions of Jeffrey Thompson's prior employers would be limited to trial testimony exclusively, as the testimony of Jeffrey Thompson's prior employers bears directly on Plaintiff's claims of negligent hiring, training, and supervision and could impact Defendant's summary judgment briefing. Further, Plaintiff also seeks to depose Aaron Yourtsey, a representative of Renco, and no party has subpoenaed any records from Renco throughout the course of this litigation. Allowing Plaintiff to supplement their disclosures, regardless of whether the resulting testimony is taken for trial purposes only, would still require the parties to conduct at least *some* discovery. Doing so, however, would delay the trial and impose unwarranted expenses on Defendant.[19]

### c. The potential for trial disruption if the testimony is allowed

The parties do not address the extent to which introducing the testimony of Jeffrey Thompson's prior employers or other supplemental disclosures would disrupt trial. Instead, they focus on the potential that the parties would lose their trial setting. The Pretrial Conference in this matter is set to resume on January 20, 2026, and the dispositive motion deadline is shortly thereafter on January 26, 2026. This matter is set for trial on October 6, 2026. Allowing additional discovery and moving the dispositive motion deadline would undoubtedly delay the currently set

---

[19] Plaintiff's untimely disclosures and resulting briefing on the instant motions have already necessitated the continuance of the Pretrial Conference in this case resulting in additional burdens on Defendant and the Court.

trial. The disruption Defendant complains of would be the direct result of the lateness of Plaintiff's disclosures.

In summary, Plaintiff has failed to demonstrate his failure to timely provide information required by Rule 26(a) was substantially justified or harmless. The Court finds allowing Plaintiff to depose Mr. Thompson's prior employers or disclose additional documents and audio recordings related to these prior employers out of time would be prejudicial to Defendant and would disrupt the orderly progression of this litigation and delay trial in this matter. Therefore, the Court finds Plaintiff's Fourth Amended Rule 26 Disclosures regarding Jeffrey Thompson's prior employers (including witnesses Brenda Johnson, Aron Youtsey, the audio recorded statement of Aaron Youtsey, and the email exchange between Plaintiff's counsel and O&B) must be stricken. Further, the Court finds it would be prejudicial to Defendant and would disrupt the orderly progression of this litigation and further delay trial of this matter if the Court were to permit Plaintiff to depose Brenda Johnson outside of the discovery period.[20] The Court therefore denies Plaintiff's Motion for Leave.

The parties, however, fail to address in their briefing the late disclosure of Plaintiff's medical billing documents. At this time, the Court is unable to determine whether the late disclosure of such documents was substantially justified or harmless. Given that Defendant raised no objection to these documents specifically, and the medical billing documents likely go to the issue of damages and will not impact Defendant's ability to file its summary judgment motion, the Court will not strike Plaintiff's supplemental disclosures as to the medical billing documents at

---

[20] The parties have agreed to take a trial deposition of Deputy Canyon Brown outside of the discovery period due to Deputy Brown's unavailability due to overseas deployment in the military. Deputy Brown's testimony is not relevant to Plaintiff's claims of negligent hiring, and Defendant has conceded it will not be prejudiced by the post-discovery deposition of Deputy Brown. This Memorandum and Order does not impact the parties' previous agreements regarding the Deputy Brown's deposition after the discovery period.

this time. If Defendant believes such documents should be stricken, they must renew their motion to strike as to the medical billing records by **January 21, 2026.**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Take Deposition of Non-Party Witness, O&B Tank Co., Inc. for Use at Trial (ECF No. 59) is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Fourth Amended Rule 26 Disclosures (ECF No. 64) is GRANTED IN PART and DENIED IN PART. All supplemental disclosures regarding Jeffrey Thompson's prior employers, including witnesses Brenda Johnson, Aron Youtsey, the audio recorded statement of Aaron Youtsey, and the partial email exchange between Plaintiff's counsel and O&B are hereby STRICKEN. At this time, Plaintiff's late medical billing disclosures are NOT STRICKEN.

**IT IS SO ORDERED**.

Dated January 20, 2026, at Kansas City, Kansas.

_Teresa J. James_
Teresa J. James
U. S. Magistrate Judge